MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
VIDAL TORRES, *individually and on behalf of*
*others similarly situated,*

                                 **COMPLAINT**

                    *Plaintiff*,

                                 **COLLECTIVE ACTION UNDER**
         -against-                **29 U.S.C. § 216(b) AND RULE 23**
                                 **CLASS ACTION**

MC GOWAN BUILDERS INC. (D/B/A MC
GOWAN), PATRICK MCGOWAN, JOHN
DOE, and RUDY DOE,                **ECF Case**

                    *Defendants.*
-------------------------------------------------------X

Plaintiff Vidal Torres ("Plaintiff Torres" or "Mr. Torres"), individually and on behalf of

others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon

his knowledge and belief, and as against Mc Gowan Builders Inc. (d/b/a Mc Gowan), ("Defendant

Corporation"), Patrick McGowan, John Doe, and Rudy Doe, ("Individual Defendants"),

(collectively, "Defendants"), alleges as follows:

### NATURE OF ACTION

1.      Plaintiff Torres is a former employee of Defendants Mc Gowan Builders Inc. (d/b/a

Mc Gowan), Patrick McGowan, John Doe, and Rudy Doe.

2.      Defendants own, operate, or control a construction company, located at 1610 E

Union Avenue E, Rutherford, NJ 07073 and doing business in New York under the name "Mc

Gowan".

3.    Upon information and belief, individual Defendants Patrick McGowan, John Doe, and Rudy Doe, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the construction corporation as a joint or unified enterprise.

4.    Plaintiff Torres was employed as a laborer at the construction corporation located at 1610 E Union Avenue E, Rutherford, NJ 07073 and doing business in New York.

5.    Defendants and/or entities affiliated with or controlled by Defendants did private and public works projects, mainly in New York.

6.    In particular, and upon information and belief, from approximately July 2014 until on or about September 2016, Defendants contracted with New York City Economic Development Corporation, a public corporation, to perform labors regarding the building of the edification located at 133-14 41st Ave, Flushing, NY 11355 under the name "Queens Community Center".

7.    Upon information and belief, Queens Community Center public work project was funded by the New York City Economic Development Corporation.

8.    At all times relevant to this complaint, Defendants failed to pay Plaintiff Torres the New York State mandated "prevailing wages" that he was entitled to receive for work performed on the public works projects.

9.    Said contracts required the Defendants to pay the Plaintiff Torres and those similarly situated at so-called prevailing wage rates for the localities in which the work was performed. Said prevailing wage rates were determined by reference to the wages set forth in collective bargaining agreements between bona fide labor organizations and employers in the private sector, performing public or private work.

10.    Depending on the particular contract and the type of work performed, the prevailing regular rate of wages on work performed for the Defendants ranged from approximately $39.85 to $41.00 an hour, plus supplemental benefit raters, depending on the locality and contract. For work performed on weekends, the prevailing wage amounted to time and a half or in some cases double time, for work performed on weekends, and, in some counties, call for an additional amount of money on top of the half time premium.

11.    At all times relevant to this Complaint, Plaintiff Torres worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours that he worked at the one and a half times rate of the required prevailing wage rate, in violation of the New York Labor Law and the Fair Labor Standards Act.

12.    Rather, Defendants failed to pay Plaintiff Torres appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

13.    Defendants' conduct extended beyond Plaintiff Torres to all other similarly situated employees.

14.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Torres and other employees to work in excess of forty (40) hours per week without providing the prevailing wage rate and overtime compensation required by federal and state law and regulations.

15.    Plaintiff Torres now brings this action on behalf of himself, and other similarly situated individuals, for third party beneficiary breach of contract claims pursuant to Fed. R. Civ. P. 223 arising from Defendant's failure to pay prevailing wages as mandated by NYLL § 220, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*.

("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

16.    Plaintiff Torres now brings this action as a class action under Rule 23 and seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

17.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Torres's state law claims under 28 U.S.C. § 1367(a).

18.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims, including the unpaid prevailing wage work, occurred in this district and Defendants maintain offices and businesses within this district. Further, Plaintiff Torres was employed by Defendants to perform labor in this district.

## PARTIES

*Plaintiff*

19.    Plaintiff Vidal Torres ("Plaintiff Torres" or "Mr. Torres") is an adult individual residing in Hudson County, New Jersey. Plaintiff Torres was employed by Defendants at Mc Gowan from approximately May 2013 until on or about July 2017.

20.    Plaintiff Torres consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b). This included similarly situated individuals who are labors, workmen or mechanics as defined by Article 8 of the New York Labor

Law and who furnished labor or worked on public works, in and/or with the State of New York, a
public benefic corporation, a municipal corporation or a commission appointed pursuant to law.

*Defendants*

21.    At all relevant times, Defendants owned, operated, or controlled a construction
company, located at 1610 E Union Avenue E, Rutherford, NJ 07073 under the name "Mc Gowan".

22.    Upon information and belief, Mc Gowan Builders Inc. (d/b/a Mc Gowan) is a
domestic corporation organized and existing under the laws of the States of New York and New
Jersey. Upon information and belief, it maintains its principal place of business at 1610 E Union
Avenue E, Rutherford, NJ 07073.

23.    Defendant Patrick McGowan is an individual engaging (or who was engaged) in
business in this judicial district during the relevant time period. Defendant Patrick McGowan is
sued individually in his capacity as owner, officer and/or agent of Defendant Corporation.
Defendant Patrick McGowan possesses operational control over Defendant Corporation, an
ownership interest in Defendant Corporation, and controls significant functions of Defendant
Corporation. He determines the wages and compensation of the employees of Defendants,
including Plaintiff Torres, establishes the schedules of the employees, maintains employee records,
and has the authority to hire and fire employees.

24.    Defendant John Doe is an individual engaging (or who was engaged) in business in
this judicial district during the relevant time period. Defendant John Doe is sued individually in
his capacity as a manager of Defendant Corporation. Defendant John Doe possesses operational
control over Defendant Corporation and controls significant functions of Defendant Corporation.
He determines the wages and compensation of the employees of Defendants, including Plaintiff

Torres, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

25.    Defendant Rudy Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Rudy Doe is sued individually in his capacity as a manager of Defendant Corporation. Defendant Rudy Doe possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Torres, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

26.    Defendants operate a construction company located in the Bergen County of New Jersey in New Jersey.

27.    Individual Defendants, Patrick McGowan, John Doe, and Rudy Doe, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, or control significant functions of Defendant Corporation.

28.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

29.    Each Defendant possessed substantial control over Plaintiff Torres's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Torres, and all similarly situated individuals, referred to herein.

30.    Defendants jointly employed Plaintiff Torres (and all similarly situated employees) and are Plaintiff Torres's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

31.    In the alternative, Defendants constitute a single employer of Plaintiff Torres and/or similarly situated individuals.

32.    Upon information and belief, Individual Defendant Patrick McGowan operates Defendant Corporation as either an alter ego of himself and/or failed to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

a)    failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b)    defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)    transferring assets and debts freely as between all Defendants,

d)    operating Defendant Corporation for his own benefit as the sole or majority shareholders,

e)    operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed Corporation,

f)    intermingling assets and debts of his own with Defendant Corporation,

g)    diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

h)    Other actions evincing a failure to adhere to the corporate form.

33.    At all relevant times, Defendants were Plaintiff Torres's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Torres, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Torres's services.

34.    In each year from 2014 to 2016, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

35.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the construction corporation on a daily basis are goods produced outside of the State of New York.

### Individual Plaintiff

36.    Plaintiff Torres is a former employee of Defendants who was employed as a laborer.

37.    Plaintiff Torres seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

### Plaintiff Vidal Torres

38.    Plaintiff Torres was employed by Defendants from approximately May 2013 until on or about July 2017.

39.    Defendants employed Plaintiff Torres as a laborer in both private and public works projects.

40.    From approximately July 2014 until on or about September 2016, Plaintiff Torres worked as a laborer at the Queens Community Center located at 133-14 41st Ave, Flushing, NY 11355.

41.    Upon information and belief, the Queens Community Center is a public work project, owned and/or operated by the New York City Economic Development Corporation, a public corporation.

42.    Plaintiff Torres regularly handled goods in interstate commerce, such as construction materials and other supplies produced outside the State of New York.

43.    Plaintiff Torres's work duties required neither discretion nor independent judgment.

44.    Throughout his employment with Defendants, Plaintiff Torres regularly worked in excess of 40 hours per week.

45.    From approximately July 2014 until on or about September 2016, Plaintiff Torres worked at the Queens Community Center from approximately 7:00 a.m. until on or about 5:00 p.m. to 10 p.m., 6 days a week (typically 60 to 90 hours per week).

46.    Throughout his employment, Defendants paid Plaintiff Torres his wages by check.

47.    From approximately July 2014 until on or about September 2016, Defendants paid Plaintiff Torres $15.00 per hour.

48.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Torres regarding prevailing wages, overtime wages and rates under the FLSA and NYLL.

49.    Defendants did not provide Plaintiff Torres an accurate statement of wages, as required by NYLL 195(3).

50.    In particular, the statement of wages provided by Defendants reflected a rate of $15.00 per hour and $22.50 per hour past the 40 hours, when it should have reflected the prevailing wage rate.

51.     Defendants did not give any notice to Plaintiff Torres, in English and in Spanish (Plaintiff Torres's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

52.     Defendants required Plaintiff Torres to purchase "tools of the trade" with his own funds—including 3 pairs of shoes.

*Defendants' General Employment Practices*

53.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Torres (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate overtime compensation as required by federal and state laws, based on the prevailing wages rates according to the law.

54.     Plaintiff Torres was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

55.     Defendants failed to pay Plaintiff Torres at the minimum wage and/or overtime rates as applicable under the prevailing wage rates.

56.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

57.     Defendants failed to annex to and form a part of the public works contract of the schedule containing the prevailing rates of wages and supplemental benefits to be paid to workers who furnished labors for public works projects, such as Queens Community Center, as required by law.

58.     Upon information and belief, the Queens Community Center is a public work project owned by New York City Economic Development Corporation, a public corporation.

59.     Defendants paid Plaintiff Torres (and similarly situated individuals) at a rate that was higher than the federal and state minimum wage rates, but lower than the prevailing rates or wages and supplements to which Plaintiff Torres (and similarly situated individuals) were entitled to.

60.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Torres (and similarly situated individuals) worked, and to avoid paying Plaintiff Torres properly for his full hours worked.

61.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

62.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Torres and other similarly situated former workers.

63.     Defendants failed to provide Plaintiff Torres and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

64.     Plaintiff Torres brings his FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA and Rule 23 Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA and Rule 23 Class Period").

65.     At all relevant times, Plaintiff Torres and other members of the FLSA and Rule 23 Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the prevailing rates of wages and the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA as required under the FLSA.

66.     The claims of Plaintiff Torres stated herein are similar to those of the other employees.

## **FEDERAL RULE 23 CLASS ACTION ALLEGATIONS**

67.     Plaintiff Torres sues on his own behalf and on behalf of a class of persons similarly situated under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

68.     Plaintiff Torres brings his New York Labor Law prevailing wage, overtime, wage deduction, and liquidated damages claims on behalf of all persons who are or were employed by Defendants in the State of New York, on or after the date that is six years before the filing of the complaint in this case, to entry of judgment in this case (the "Class Period"). All said persons, including Plaintiff Torres, are referred to herein as the "Class."

69.     The persons in the Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of

that number are presently within the sole control of Defendants, there are approximately over sixty members of the Class during the Class Period.

70.     There are questions of law and fact common to the Class including:

a)     What proof of hours worked is sufficient where Defendants fail in their duty to maintain time records;

b)     What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked;

c)     What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of at least minimum wages and/or prevailing wages for the public work they performed and for all hours worked;

d)     Whether Defendants failed and/or refused to pay Plaintiff Torres the prevailing rates of wages and overtime at the premium rate within the meaning of the New York Labor Law;

e)     Whether Defendants improperly deducted "shorts" from the Plaintiffs' wages;

f)     At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the class members for their work; and

g)     What are the common conditions of employment and in the workplace, such as recordkeeping, clock-in procedures, breaks, and policies and practices that affect whether the class was paid at overtime rates for minimum wage and overtime work.

71.     The claims of the representative parties are typical of the claims of the class. Plaintiff Torres and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning non-payment of overtime, non-payment of wages, and failure to keep required records. The job duties of the named Plaintiffs were and are typical of those of class members.

72.    The representative parties will fairly and adequately protect the interests of the Class and have no interests antagonistic to the class. The Named Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

73.    The common questions of law and fact predominate over questions affecting only individual members.

74.    A class action is superior to other available methods for fairly and efficiently adjudicating controversy, particularly in the context of wage and hour litigation, where individual plaintiffs lack the financial resources to prosecute a lawsuit in federal court against corporate defendants vigorously. The damages suffered by individual class members are small, compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

75.    Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

## **FIRST CAUSE OF ACTION**

### **VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA**

76.    Plaintiff Torres repeats and realleges all paragraphs above as though fully set forth herein.

77.    At all times relevant to this action, Defendants were Plaintiff Torres's employers (and employers of the putative FLSA and Rule 23 Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Torres (and the FLSA and Rule 23 Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

78.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

79.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

80.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Torres (and the FLSA and Rule 23 Class members) overtime compensation at a rate of one and one-half times the prevailing wage rate of pay for each hour worked in excess of forty hours in a work week.

81.    Defendants' failure to pay Plaintiff Torres (and the FLSA and Rule 23 Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

82.    Plaintiff Torres (and the FLSA and Rule 23 Class members) were damaged in an amount to be determined at trial.

<u>**SECOND CAUSE OF ACTION**</u>

**VIOLATION OF THE OVERTIME PROVISIONS**

**OF THE NEW YORK STATE LABOR LAW**

83.     Plaintiff Torres repeats and realleges all paragraphs above as though fully set forth herein.

84.    At all times relevant to this action, Defendants have been Plaintiff Torres's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants have had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

85.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, § 655 and 12 NYCRR 142-3.2 and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Torres (and the FLSA and Rule 23 class members') overtime compensation at rates of one and

one-half times the regular prevailing wages rate of pay for each hour worked in excess of forty hours in a work week.

86.    Defendants' failure to pay Plaintiff Torres (and the FLSA and Rule 23 class members') overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

87.    Plaintiff Torres (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

88.     Plaintiff Torres repeats and realleges all paragraphs above as though fully set forth herein.

89.    With each payment of wages, Defendants failed to provide Plaintiff Torres with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

90.    Defendants are liable to Plaintiff Torres in the amount of $5,000, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

## BREACH OF CONTRACT

91.    Plaintiff Torres repeats and realleges all paragraphs above as though set forth fully herein.

92.    Upon information and belief, the public works contracts entered into by Defendants contained, as a matter of fact or by operation of law, schedules of the prevailing rates of wages and supplemental benefits to be paid Plaintiff Torres (and the FLSA and Rule 23 class members).

93.    Those prevailing rates of wages and supplemental benefits were made a part of the public works contracts for the benefit of the Plaintiff Torres (and the FLSA and Rule 23 class members).

94.    Defendants breached the public works contracts by failing to pay Plaintiff Torres (and the FLSA and Rule 23 class members) the prevailing rates of wages and supplemental benefits for all labor performed upon the public works projects.

95.    As a result of its breach of the public works contracts, Defendants are liable to Plaintiff Torres (and the FLSA and Rule 23 class members) for the value of the prevailing wages, supplements, and interest, in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION

### UNJUST ENRICHMENT

96.    Plaintiff Torres repeats and realleges all paragraphs above as though set forth fully herein.

97.    Plaintiff Torres (and the FLSA and Rule 23 class members) conferred a benefit upon Defendants through the provision of labor as a laborer for a public works project for which they have not been properly paid.

98.    Defendants received the benefit of Plaintiff Torres's labor during the time period alleged in this complaint.

99.    Plaintiff Torres expected rightful compensation for his labor, at least at the prevailing wage and applicable overtime rates.

100.    When Defendants entered into the public work contracts at the Queens Community Center, it agreed, as a matter of fact or by operation of law, to pay the required prevailing wage, overtime and supplemental benefit rates of pay to Plaintiff Torres (and the FLSA and Rule 23 class members).

101.    Defendant would be unjustly enriched if allowed to retain that benefit without compensating the Plaintiff Torres (and the FLSA and Rule 23 class members).

102.    As a result of this failure to pay at prevailing wages rates, Defendants willfully and unjustly enriched for work and services performed by Plaintiff Torres (and the FLSA and Rule 23 class members).

103.    That equity and good conscience require that the Defendants pay Plaintiff Torres (and the FLSA and Rule 23 class members) their *quantum meruit,* in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

## QUANTUM MERUIT

104.    Plaintiff Torres repeats and realleges all paragraphs above as though set forth fully herein.

105.    Plaintiff Torres (and the FLSA and Rule 23 class members) performed numerous and valuable services at the request and for the benefit of Defendants. Plaintiff Torres (and the FLSA and Rule 23 class members) were not paid the reasonable value of those services.

106.    As a result, Defendants are liable to Plaintiff Torres (and the FLSA and Rule 23 class members) for the reasonable value of those services, less the non-prevailing wages already paid,

plus interest, in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Torres respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Torres and the FLSA and Rule 23 Class members;

(c)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Torres and the FLSA and Rule 23 Class members;

(d)     Awarding Plaintiff Torres and the FLSA and Rule 23 Class members damages for the amount of unpaid overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e)     Awarding Plaintiff Torres and the FLSA and Rule 23 Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Torres;

(g)    Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Torres;

(h)    Awarding Plaintiff Torres and members of the FLSA and Rule 23 Class damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages as applicable

(i)    Awarding Plaintiff Torres and members of the FLSA and Rule 23 Class liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(j)    Awarding Plaintiff Torres and the FLSA and Rule 23 Class members pre-judgment and post-judgment interest as applicable;

(k)    Awarding Plaintiff Torres and the FLSA and Rule 23 Class members the expenses incurred in this action, including costs and attorneys' fees;

(l)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(m)    All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff Torres demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
       October 31, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:    _____/s/ Michael Faillace_____
       Michael Faillace [MF-8436]
       60 East 42nd Street, Suite 4510
       New York, New York 10165
       Telephone: (212) 317-1200
       Facsimile: (212) 317-1620
       *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510                                                    Telephone: (212) 317-1200
New York, New York 10165                                                    Facsimile: (212) 317-1620

————————

Faillace@employmentcompliance.com

September 18, 2018

BY HAND

Vidal Torres
5809 Hudson Avenue Apt 3
West New York, NJ 07093

Re:    Retainer and Legal Representation Agreement

Dear Mr. Torres:

We are pleased that you have retained Michael Faillace & Associates, P.C. to provide legal services to you. This letter will confirm the agreement between Michael Faillace & Associates, P.C. (the "Firm") and you (the "Client") as to the scope and nature of the legal services to be provided and the basis on which our Firm's fees and related expenses will be paid.

SCOPE AND NATURE OF REPRESENTATION. Pursuant to the terms of this retainer agreement, the Firm will provide legal services to you in connection with your Federal and State discrimination and wage and hour claims against the company ("Mc Gowan"). Specifically, we will assist in recovering unpaid wage and overtime payments and damages from your Employer. We will agree, in writing, to the terms, conditions and fees of any further action, including litigation in any state or federal court. The Firm has specifically refrained from making any promises or guarantees to the Client about the outcome or success of the Client's matter, and nothing in this agreement shall be construed as such a promise or guarantee.

CONTINGENCY FEE. While you have been offered the option of retaining the Firm's services on an hourly rate of $450 per hour, you have specifically requested that this retainer agreement be structured as a contingency fee, as follows. You will pay us legal fees contingent upon the outcome of the matter. If recovery is made on your behalf, you shall pay us for legal services rendered, the greater of a sum equal 40 % of any and all sums recovered either as a result of trial or by way of settlement (including attorney's fee awards) or the amount of "reasonable attorneys fees" determined by the Court or agreed upon by the defendants. If there is no recovery, you shall owe us no fees other than the initial retainer stated below. It is understood that in certain actions the prevailing party may be entitled to an award of reasonable attorneys fees based on customary hourly rates.

You agree, however, that regardless of recovery, to pay all other fees, expenses and disbursements incurred in this matter such as process server fees, deposition costs, expert fees, court filing costs, copying costs, mailing, delivery and telephone costs. We may agree to advance expenses for you depending upon individual circumstances.

*Certified as a minority-owned business in the State of New York*